# In the United States Court of Federal Claims

No. 15-986L
(Filed: June 29, 2018)

|  |  |  |
|---|---|---|
| MICHAEL A. AND TINA C. BRATCHER, et al., | ) ) ) ) | Keywords: Rails-to-Trails Conversion; Fifth Amendment; Takings Clause; Uniform Relocation Act; Attorney Fees; Supplemental Motion. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) | |

*Mark F. (Thor) Hearne, II*, Arent Fox LLP, Washington, D.C., with whom were *Lindsay S.C. Brinton*, *Meghan S. Largent*, *Stephen S. Davis*, and *Abram J. Pafford*, Arent Fox LLP, for Plaintiffs.

*Randall M. Stone*, Senior Attorney, Environment and Natural Resources Division, U.S. Department of Justice, Washington, D.C., with whom was *Jeffrey H. Wood*, Acting Assistant Attorney General, for Defendant.

## OPINION AND ORDER

**KAPLAN, Judge.**

Currently before the Court in this rails-to-trails case is Plaintiffs' Supplemental Motion for Attorney Fees and Expenses Under the Uniform Relocation Act and RCFC 54(d) (Pls.' Mot.). ECF No. 122. On March 9, 2018, this Court issued an initial award of attorney fees in the amount of $523,786.98 and expenses in the amount of $69,098.83, covering the period from September 4, 2015 (when this case was filed) through August 25, 2017 (after Plaintiffs accepted the government's offer of judgment under Rule 68 of the Rules of the Court of Federal Claims (RCFC), and several days before they filed their initial attorney fee petition). In the supplemental motion now before the Court, Plaintiffs request an additional award of $99,822.50 in attorney fees incurred from August 26, 2017 through May 11, 2018. They also request reimbursement of $12,688.34 in expenses, all but $1,934.40 of which were incurred during the period covered by their initial motion.

For the reasons set forth below, Plaintiffs' motion is **GRANTED-IN-PART** and **DENIED-IN-PART**.

## DISCUSSION

I.     **Attorney Fees**[1]

As the Court observed in its decision on Plaintiffs' first request for attorney fees and expenses, a lodestar approach is used to determine reasonable attorney fees under federal fee-shifting statutes. Bywaters v. United States, 670 F.3d 1221, 1228–29 (Fed. Cir. 2012). Under that approach, the court multiplies the number of hours reasonably expended in the case by a reasonable hourly rate. Id. at 1225–26. Plaintiffs bear the burden of proving that the number of hours submitted for payment is reasonable and does not include hours that are "excessive, redundant, or otherwise unnecessary." Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

In their supplemental motion, Plaintiffs have billed an additional 291.7 hours of work, seeking compensation at the rates this Court found reasonable when it issued its initial fee award. See Pls.' Mot. Ex. 1 at 9, ECF No. 122-1. The hours billed primarily involve the preparation, briefing, and argument of the initial fee petition. In addition, Plaintiffs request reimbursement of attorney fees and expenses incurred in connection with efforts made with respect to other issues, including an unsuccessful request for reconsideration of Judge Bruggink's decision to recuse himself and an unsuccessful motion to compel mediation.

The Court concludes that the supplemental fees requested are excessive, particularly in light of the relatively small size of the recovery in this case, Plaintiffs' lack of success in persuading the Court to award fees at the higher rates initially sought, and the sizable fee award they have already received. The Court makes the following reductions in the hours billed:

A.     **Time Spent on Unsuccessful Pleadings**

Plaintiffs seek compensation for approximately fifty hours of time spent on two pleadings—one asking Judge Bruggink to reconsider his decision to recuse himself from the case and another seeking to compel mediation of their initial request for attorney fees. These hours are disallowed in their entirety. Both pleadings were unsolicited. Both were unlikely to succeed. Neither did succeed.[2]

---

[1] The government appears to argue that this Court should not entertain Plaintiffs' Supplemental Motion because final judgment has already been entered in this case and Plaintiffs have not filed a motion requesting alteration or amendment of the final judgment in accordance with RCFC 59(e). See United States' Resp. to Pls.' Suppl. Mots. Concerning Additional URA Fees & Expenses (Def.'s Resp.) at 2, ECF No. 123. It contends that when Judge Bruggink was presiding over this case, he indicated a preference for having any fee award made part of the final judgment. See id. at 1–2. But the Order the government cites in support of its position (ECF No. 95) did not expressly state that Judge Bruggink would not entertain any post-judgment motions for attorney fees and expenses, and such motions are authorized under RCFC 54(d).

[2] Where Arent Fox's attorneys' billing descriptions include time devoted to these issues in conjunction with other work performed that is compensable, the Court shall reduce the hours by 50%.

Plaintiffs also seek compensation for approximately fifteen hours spent preparing an opposition to the government's motion for clarification of the briefing schedule. Judge Bruggink granted-in-part and denied-in-part the government's motion. The Court accordingly reduces by 50% the time claimed by Plaintiffs for opposing the motion.[3]

### B. Time Spent on Briefing and Arguing Plaintiffs' Initial Attorney Fee Petition

In its initial decision, the Court reduced by one-half the hours attributable to preparing Plaintiffs' attorney fee request because a substantial portion of those hours was devoted to Plaintiffs' unsuccessful argument that the Court should use District of Columbia market rates to determine their attorneys' hourly rates. See Bratcher v. United States, 136 Fed. Cl. 786, 797 (2018). The Court will similarly apply a 50% reduction to the additional hours billed in the supplemental petition attributable to the litigation and argument of its initial fee request.[4]

### C. Notice of Supplemental Authority

Plaintiffs billed for approximately eight hours of time spent on a filing entitled "Notice of Supplemental Authority," which alerted the Court to Judge Lettow's decision in Lost Tree Village Corp. v. United States, No. 08-117L, 2017 WL 5425051 (Fed. Cl. November 14, 2017), appeal dismissed, No. 18-1466 (Fed. Cir. Mar. 23, 2018), ECF No. 9. See Pls.' Mot. Ex. 1; see also Notice of Suppl. Authority, ECF No. 102. As the government notes, on the same day that it filed the Notice in this case, Arent Fox filed the identical pleading in at least two other cases, Campbell v. United States, No. 13-324 (Fed. Cl.), and McCarty v. United States, No. 14-316 (Fed. Cl.). In recent filings, Mr. Hearne has claimed the same amount of time for the same work in those cases. See Def.'s Resp. at 5–7. Time billed for work on this pleading is therefore disallowed.[5]

### D. Miscellaneous Deductions

Plaintiffs have billed for 6.3 hours of attorney time to prepare an itemization of their bill of costs on April 18, 19, and 23, 2018. The Court agrees with the government that this work likely could have been performed by either a paralegal or clerical employee. Accordingly, it will compensate these hours at paralegal rates.

Additionally, Plaintiffs billed 0.4 hours of time on September 12, 2017 and November 21, 2017 for partner Debra Albin-Riley to perform "work on expert issues." This time is

---

[3] Where Arent Fox's attorneys' billing descriptions include time devoted to this issue in conjunction with other work performed that is compensable, the Court shall reduce the hours by 25%.

[4] Where Arent Fox's attorneys' billing descriptions include time devoted to these issues in conjunction with other work performed that is compensable, the Court shall reduce the hours by 25%.

[5] Where Arent Fox's attorneys' billing descriptions include time devoted to this issue in conjunction with other work performed that is compensable, the Court shall reduce the hours by 50%.

disallowed because by these dates Plaintiffs had already accepted the government's offer of judgment and expert discovery had ended. Further, although Ms. Albin-Riley's name is not on any of the briefs in this case, Plaintiffs have billed for time she spent on the case reviewing pleadings and engaging in similar tasks. Given that Plaintiffs seek compensation for the work of at least four other attorneys during the time covered by the supplemental petition, it does not appear reasonable to also charge for another partner at Arent Fox to review pleadings. That time is therefore also disallowed.

Finally, Plaintiffs seek reimbursement for 0.9 hours of paralegal work on September 21, 2017 to "review and manage client data" and "manage client update letters." As described in the Court's initial attorney fee decision, time spent performing such clerical tasks is not reimbursable under fee-shifting statutes. See Bratcher, 136 Fed. Cl. at 796.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

As described in the table below, with the foregoing deductions, the Court awards Plaintiffs fees in the amount of **$48,826.25**.

| Attorney | Claimed Hours | Adjusted Hours | Rate | Adjusted Fee |
|---|---|---|---|---|
| Debra Albin-Riley | 4.8 | 0.8 | $475/hour | $380.00 |
| Mark ("Thor") Hearne, Jr. | 53.5 | 29.25 | $475/hour | $13,893.75 |
| Abram Pafford | 62.7 | 21.38 | $375/hour | $8,015.63 |
| Meghan Largent | 1.9 | 1.00 | $375/hour | $375.00 |
| Lindsay Brinton | 60.1 | 44.35 | $375/hour | $15,213.75 |
| Stephen Davis | 72.5 | 27.83 | $275/hour | $7,651.88 |
| Paralegals/ Project Assistants | 36.2 | 21.98 | $150/hour | $3,296.25 |
| **TOTALS** | **291.7** | **146.58** | | **$48,826.25** |

## II.   Expenses

In their supplemental application, Plaintiffs request reimbursement of expenses totaling $12,688.34. Pls.' Mot. Ex. 2 at 3, ECF No. 122-2. All but $1,934.40 of this total represents expenses incurred through August 26, 2017, the cut-off date Plaintiffs used in their initial application for fees and expenses. See id. at 1–3. Plaintiffs chose not to claim any of these expenses in their initial application. Instead, on August 31, 2017, before the entry of a final judgment, they submitted the expenses for reimbursement through a bill of costs. See ECF No. 85-1. Because Plaintiffs did not submit these expenses with their initial application, the Court

4

concludes that they have waived their right to seek their reimbursement under the fee-shifting provision of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 (URA). Instead, those expenses are recoverable, if at all, in connection with Plaintiffs' bill of costs (discussed below).

Accordingly, the Court awards Plaintiffs expenses in the amount of $1,934.40.

## III.    Bill of Costs

As noted above, Plaintiffs filed a premature bill of costs in this case in August 2017. ECF No. 85-1. Judge Bruggink then stayed consideration of the bill of costs pending the resolution of Plaintiffs' motion for attorney fees. ECF No. 95.

In April 2018, Plaintiffs provided the government with a modified and/or itemized bill of costs. See United States' Objs. to Pls.' Bill of Costs at 1–2, ECF No. 120. At the Court's direction, the government recently filed its objections to the bill of costs as modified. Id. Plaintiffs then filed a motion for leave to file a response to the government's objections, in which they proposed to file an amended bill of costs that would include only "uncontested" costs, while including the "contested" costs within the ambit of their supplemental fee petition. See Landowners' Mot. for Leave to File Resp. to the Gov't's Objs. to Bill of Costs & Notice Regarding Suppl. Fee Appl. at 2, ECF No. 121. As discussed above, however, to the extent the "contested" costs include costs and/or expenses incurred through August 26, 2017, Plaintiffs have waived the right to seek their reimbursement under the URA. Plaintiffs thus may only recover those expenses and/or costs to the extent permitted by 28 U.S.C. § 2412(a) and the Rules of the Court of Federal Claims.

Under RCFC 54(d)(1)(B), a prevailing party may file a bill of costs "within 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G)." Final judgment, as defined in § 2412(d)(2)(G), "means a judgment that is final and not appealable." It is the Court's understanding that after resolving the supplemental fee petition, no further issues will remain in this case.

Accordingly, the Court directs Plaintiffs to file a final bill of costs covering the entirety of this litigation by **July 23, 2018**. The government may then file an objection as provided in the Court's rules. Plaintiffs' motion for leave to file a response to the government's objection to its previously filed bill of costs (ECF No. 121) is therefore **DENIED** as moot.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a supplemental award of attorney fees and expenses is **GRANTED-IN-PART** and **DENIED-IN-PART**. Plaintiffs are awarded attorney fees in the amount of **$48,826.25** and expenses in the amount of **$1,934.40**. Pursuant to RCFC 58, the Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Elaine D. Kaplan
ELAINE D. KAPLAN
Judge